IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAWRENCE CHARLES THREADGILL, III,

          Plaintiff,

   v.

JASON ACHTERBURG and REED RICHARDSON,

          Defendants.

OPINION AND ORDER

17-cv-945-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Lawrence Charles Threadgill, III is proceeding on claims that defendants Jason Achterburg and Reed Richardson have interfered with his mail in violation of the First Amendment. Now before the court is defendants' motion for summary judgment. Dkt. #22. Because no reasonable jury could conclude that defendants violated plaintiff's First Amendment rights, I am granting the motion and closing this case.

From defendants' proposed findings of fact and plaintiff's responses, I find the following facts to be undisputed unless otherwise noted.

UNDISPUTED FACTS

Plaintiff Lawrence Charles Threadgill, III, was incarcerated at Stanley Correctional Institution from September 15, 2015 to September 27, 2018. Defendant Jason Achterburg is the security director at Stanley and defendant Reed Richardson is the warden.

Inmates at Stanley have many options for communicating with family and friends

1

outside the prison, including sending letters, receiving visitors, making telephone calls and, starting in 2018, sending email. In the three years that plaintiff was housed at Stanley he received visitors, made 793 phone calls, sent and received email and sent out at least three letters every week.

Inmates at Stanley are required to submit all outgoing mail unsealed, so that it can be scanned for contraband before the mail room sends it out. Third shift unit officers collect mail from each unit's mailbox, check the mail for contraband, complete return addresses and postage and sort the mail according to destination. Mail intended for recipients outside the prison is delivered to the United States Post Office in Stanley, Wisconsin by the first shift mail room officers. Defendants have no involvement with the processing or distributing of incoming and outgoing mail. (Plaintiff says that multiple staff sergeants told him that defendants had ordered that plaintiff's mail be sent to the security office instead of the post office. But plaintiff has no admissible evidence to support this allegation. The alleged statements from staff sergeants are inadmissible hearsay because they are "out of court" statements made by non-parties, and plaintiff is trying to offer them to prove that what the sergeants said is true. Fed. R. Evid. 801. Plaintiff cannot rely on hearsay statements at the summary judgment stage. Gunville v. Walker, 583 F.3d 979, 985 (7th Cir. 2009) ("[A] court may consider only admissible evidence in assessing a motion for summary judgment.").

Plaintiff estimates that between October 2015 and September 2018, approximately 25 of the letters he wrote were delayed or did not make it to the intended recipient, including letters he wrote to a girlfriend, his sister, his brother, a friend and his lawyer. One

letter to his girlfriend took three weeks to get to her and had been opened before she received it. (Plaintiff was placed on mail monitoring from July 20, 2018 to August 20, 2018 because of his behavior toward a particular staff member, but that time period falls outside the scope of this lawsuit and, in any event, defendants were not involved in monitoring his mail.)

OPINION

Plaintiff was granted leave to proceed on a claim that defendants Achterberg and Richardson violated his First Amendment right to send and receive mail by confiscating letters he wrote and refusing to send out some of his letters and packages. Prisoners have a First Amendment right to send and receive mail, Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999, and prison practices that restrict prisoner correspondence must be "reasonably related to legitimate penological interests." Thornburgh v. Abbott, 490 U.S. 401, 408, 413 (1989) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Restrictions on outgoing mail in particular must promote "one or more of the substantial governmental interests of security, order, and rehabilitation" and must be "no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974).

In this instance, plaintiff has submitted no evidence showing that defendants restricted his mail or refused to send out his outgoing mail because of a general prison policy or practice or because of a restriction that applied to him specifically. Viewing the evidence

3

in the light most favorable to plaintiff, at most, he has shown that some of his outgoing mail may have been delayed or did not reach the intended recipient. But plaintiff also concedes that he was able to send hundreds of letters during the time he was incarcerated at Stanley Correctional Institution. Therefore, his allegations suggest nothing more than isolated mistakes or short-term delays in delivering his mail. "Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." Zimmerman v. Tribble, 226 F.3d 568, 573 (7th Cir. 2000). Even if plaintiff had submitted evidence showing that prison staff failed to deliver some of his letters intentionally, he has submitted no evidence showing that defendants Achterburg and Richardson were responsible for the delays. Defendants cannot be held liable for constitutional violation unless they were "personally involved" in the offensive conduct. Kuhn v. Goodlow, 678 F.3d 552, 555-56 (7th Cir. 2012). The undisputed evidence establishes that neither defendant was involved in processing mail or in directing prison staff to confiscate or delay plaintiff's mail. Accordingly, defendants are entitled to summary judgment.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Jason Achterburg and Reed Richardson, dkt. #22, is GRANTED. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 13th day of May, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge